IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EMORY LASHLEY, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:18-CV-1030-WKW |
| | ) [WO] |
| TOWN OF JACKSON'S GAP, and DEBORAH DANIEL, | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Emory Lashley, a former police officer for the Town of Jackson's Gap,[1] was fired after he lost his certification from the Alabama Peace Officers' Standards and Training Commission (APOSTC). Lashley says that he lost his certification because of his police chief's failure to report Lashley's continuing education credits to APOSTC.

Lashley sued Defendant Town of Jackson's Gap in state court, claiming that his termination violated his right to due process under the Alabama and United

---

[1] The complaint improperly identifies Defendant as "City of" instead of "Town of" Jackson's Gap. (Doc. # 1, at 1.) The Clerk of the Court is DIRECTED to update the docket sheet to reflect that Defendant's proper name is "Town of Jackson's Gap."

States Constitutions.[2] He also asserts state-law tort claims for negligence, wantonness, and outrage.

Defendant Jackson's Gap removed this action to federal court based on Plaintiff's federal due process claim. (Doc. # 1.) Plaintiff moved to remand the state-law claims based on a version of the removal statute, 28 U.S.C. § 1441, that has not been the law for seven years. That motion will be denied, and Plaintiff's counsel will be ordered to show cause why he should not be sanctioned under Federal Rule of Civil Procedure 11 for filing a motion to remand that appears to lack support in existing law.

## I.  REMOVAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, they only have the power to hear cases over which the Constitution or Congress has given them authority. *Id.* At the same time, though, they "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).

Congress has empowered federal courts to hear cases removed by a defendant from state to federal court if the plaintiff could have brought the claims

---

[2] Plaintiff's complaint also names Deborah Daniel in the caption, but there are no allegations that mention Daniel in the body of the complaint. Plaintiff states that Daniel was inadvertently added to his state-court complaint. (Doc. # 11, at 2.) It also appears that no efforts have been made to serve her. Accordingly, Deborah Daniel will be dismissed from this case.

in federal court originally. *See* 28 U.S.C. § 1441(a). Federal courts may exercise original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And they "shall have supplemental jurisdiction" over state-law claims that form part of the same Article III "case or controversy" as the federal claim(s). *See* 28 U.S.C. § 1367(a).

## II. DISCUSSION

### A. This court has jurisdiction over this lawsuit.

As stated, this court has original jurisdiction over all cases "arising under" federal law or the federal constitution and has removal jurisdiction over federal claims originally filed in state court. *See* 28 U.S.C. §§ 1331, 1441(a).

Plaintiff does not dispute that his complaint, which includes a claim that Defendant violated the federal constitution, (Doc. # 1-1, at 3), presents a federal question. Instead, he quotes a prior version of § 1441(c), and argues that because federal- and state-law claims are not "separate and independent" of each other, Defendant may not remove the entire case to federal court. (Doc. # 11, at 4 (citing Act of June 25, 1948, ch. 646, 62 Stat. 937 (current version at 28 U.S.C. § 1441(c)); *Muhammad v. City of Tuskegee*, 76 F. Supp. 2d 1293, 1295 (M.D. Ala. 1999) ("In order to properly remove otherwise non-removable state law claims to federal court, 'the removing party must demonstrate that the 'otherwise non-removable claims or causes of action' [are] 'separate and independent' from the

3

federal claim.'" (quoting *Reneau v. Oakwood Mobile Homes*, 952 F. Supp. 724, 728 (N.D. Ala. 1997)).)

But that is not what the removal statute says or has said since the most recent amendments became effective on January 6, 2012. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, tit. I, § 103, 125 Stat. 758, 759 (2011) (codified at 28 U.S.C. § 1441(c)). "Section 1441(c) — as previously worded — permitted otherwise non-removable claims to be appended to jurisdictionally sufficient anchors *only if* the otherwise non-removable claims were separate from and independent of the removable claims." 14B Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3722.3 (4th ed. 2009). The amended § 1441(c)(1) omits the "separate and independent" requirement.[3] Plaintiff's motion to remand is therefore mostly based on language that was removed from § 1441(c) seven years ago.

The current version of § 1441(c) does not prevent removal here. That statute now provides that if a civil action includes both a federal-law claim and "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," the whole case "may be removed if

---

[3] As Wright and Miller note, the "separate and independent" language in the pre-2012 version of § 1441(c) created some confusion when considered alongside § 1367(a), which permits supplemental jurisdiction over state-law claims that form part of the same Article III case or controversy — that is, state-law claims that are *not* separate and independent from the federal-law claims. *Id.* Hence, the amended § 1441(c) clarifies what should happen when a defendant removes a case that includes both a federal-law claim and "a claim not within the original *or supplemental jurisdiction*" of the court.

4

the action" is otherwise removable. The district court must then sever the nonremovable claims and remand them to state court. 28 U.S.C. § 1441(c)(2).

Thus, if the case includes state-law claims that are: (1) not within the court's supplemental jurisdiction because they are not part of the same Article III case or controversy; or (2) made nonremovable by statute (like a worker's compensation claim, *see* 28 U.S.C. § 1445(c)), then the defendant may remove the whole case, but the federal court must then sever and remand the bad claims.

Plaintiff acknowledges that his federal- and state-law claims form part of the same Article III case or controversy. (*See* Doc. # 11, at 5–6.) And Plaintiff's state-law claims do not fall into any of the enumerated categories of nonremovable claims in 28 U.S.C. § 1445. Thus, this action was properly removed under 28 U.S.C. §§ 1331 and 1441, and the court may exercise supplemental jurisdiction over the state-law claims under 28 U.S.C. § 1367.

Plaintiff makes two arguments against the court's exercising supplemental jurisdiction over his state-law claims. First, he says that remand of the state-law claims is required because supplemental jurisdiction "only applies to cases *originally* filed in the district court, and not to cases removed to the district court." (Doc. # 11, at 7 (quoting *Muhammad*, 76 F. Supp. 2d at 1296).) Again, that argument is based on the outdated language of § 1441(c). The statute now states that remand is required *only* if the case includes a claim not in the court's "original

*or* supplemental jurisdiction" or is made nonremovable by statute. 28 U.S.C. § 1441(c). Since Plaintiff's state-law claims are part of the same case or controversy as the federal-law claim, the court may exercise supplemental jurisdiction over them.

Second, Plaintiff asks the court to use its discretion to decline supplemental jurisdiction over his state-law claims. That request will be denied. 28 U.S.C. § 1367(c)(2) provides that a district court may decline to exercise supplemental jurisdiction over a state-law claim if the claim "substantially predominates" over the federal-law claim(s). For a state-law claim to substantially predominate over a federal-law claim, it must appear "that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 744 (11th Cir. 2006) (quotation omitted). "[T]he policy of supplemental jurisdiction is to support the conservation of judicial energy and avoid multiplicity in litigation." *Id.* at 746 (citing *Rosado v. Wyman*, 397 U.S. 397, 405 (1970)).

Remanding Plaintiff's state-law claims when many of the same issues — the circumstances surrounding Plaintiff's APOSTC certification, continuing education credits, and termination — will be litigated in federal court would thwart judicial economy and create extra time and effort for the parties. The court will therefore exercise supplemental jurisdiction over Plaintiff's state-law claims.

**B. Because Plaintiff's motion does not appear to have been warranted by existing law, his counsel must show cause why he should not be sanctioned.**

Federal Rule of Civil Procedure 11(b) provides that, by submitting a motion, an attorney certifies that to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion:

> (1) … is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

Rule 11 sanctions are appropriate

> (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose.

*Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1506 (11th Cir. 1993).

Minimal legal research would have revealed that the statute that forms the basis of Plaintiff's motion to remand, 28 U.S.C. § 1441(c), has been amended to omit the "separate and independent" language counsel uses to advance his theory. And without that language and the cases that cite it, Plaintiff's motion appears to lack support in existing law.

Moreover, the amendments to § 1441(c) are far from recent. Section 1441 has existed in its current form no less than seven years from the time counsel filed

7

his motion. Yet, it appears that Plaintiff's counsel has been re-using the same form motion in other cases. For example, on page two, he asks that the case be remanded to the Circuit Court of Tallapoosa County, but on the same page requests that it be remanded to the Circuit Court of Chambers County. (Doc. # 11, at 2.) Also on page two, counsel refers to "Respondent City of Lanett," but the defendant is also named on that page as the "City of Jackson's Gap." (Doc. # 11, at 2.)

By reusing a form motion, counsel appears to have misrepresented Defendant's position. He quotes Defendant as stating that "the state law claims are not separate and independent from the federal claims, thus, the remainder of the state law claims [are] not permissible under 28 U.S.C. § 1441(c)." (Doc. # 11, at 4.) Counsel does not cite a document number for that quotation, nor can the court find it anywhere in the record. Because of these mistakes, it would not be unreasonable to conclude that counsel reused an earlier motion without checking to see whether the law it cited was still good. Such an action appears to violate Rule 11's mandate that motions be warranted by *existing* law.

True enough, a small part of Plaintiff's motion is devoted to urging the court to exercise its discretion and remand the state-law claims under § 1367(c). (Doc. # 11, 7–8.) That argument is not clearly unsupported by existing law. But Plaintiff only gets there after arguing that: (1) § 1441(c) *requires* remand; (2) the court *may not* exercise supplemental jurisdiction over the state-law claims; and (3) §

8

1441(c)'s language "closely mirrors" that of § 1367(c). (*See* Doc. # 11, at 4–7; Doc. # 11, at 7 (quoting *In re City of Mobile*, 75 F.3d 605, 613–14 (11th Cir. 1996)). All three of those arguments are clearly incorrect under existing law. Thus, counsel's argument for remand under § 1367(c) is at least partially based on his outdated reading of § 1441(c).

It might have been excusable if these arguments had been made in response to another party's motion. But counsel has taken the affirmative step of moving the court to remand the state-law claims, an action that prompted Defendant and the court to spend time and energy responding to and deciding a motion that appears to have had little, if any, reasonable basis. That increases the culpability of counsel's actions.

Rule 11 "establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendments to subdivisions (b) and (c). Plaintiff's counsel must show cause on whether he fell short of this objective standard when filing a motion based almost entirely on an outdated statute. *See* Fed. R. Civ. P. 11(c)(3) ("On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).").

## III. CONCLUSION

It is ORDERED:

(1) Plaintiff's motion to remand (Doc. # 11) is DENIED.

(2) Plaintiff's counsel is DIRECTED to SHOW CAUSE in writing, **on or before May 1, 2019**, why he should not be sanctioned under Federal Rule of Civil Procedure 11 for filing a motion to remand with little to no legal support.

(3) Plaintiff is DIRECTED to respond to Defendant's motion to dismiss (Doc. # 5) **on or before May 1, 2019**. Defendant may file a reply, if any, no later than **May 15, 2019**.

(4) All claims against Defendant Deborah Daniel are DISMISSED from this action without prejudice.

DONE this 11th day of April, 2019.

                                    /s/ W. Keith Watkins
                            UNITED STATES DISTRICT JUDGE